UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| DANIEL T. QUINN, | ) |
| Appellant, | ) |
| v. | ) Case No. 5:17-cv-137 |
| THE BANK OF NEW YORK MELLON, | ) |
| Appellee. | ) |

## DECISION ON APPEAL

In this bankruptcy appeal, Appellant Daniel T. Quinn ("Quinn" or Appellant), appearing pro se, challenges the Bankruptcy Court's May 19, 2017 Order dismissing his case and denying his motions and a June 12, 2017 Order denying his motion for rehearing. (Docs. 1, 6.) Quinn has also filed an "addendum memoranda" (Doc. 11) and preliminary and supplemental responses to the Appellee's brief in further support of his appeal that included a "renewed motion to dismiss" and a "summary judgment" request, respectively (Docs. 14, 22). Appellee, The Bank of New York Mellon ("BNY") has responded filing a responsive brief (Doc. 10) and a motion to strike Quinn's supplemental reply brief and request for summary judgment (Doc. 23). Quinn opposes the motion to strike and it is fully briefed including a sur-reply. *See* Docs. 24-27. For the reasons stated below, the court affirms the Bankruptcy Court's orders and dismisses the appeal.

1

**FACTS**

A. Background

The parties engaged in extended litigation in Vermont Superior Court, Windsor Civil Division.[1] On May 3, 2013, the state court granted summary judgment to The Bank of New York Mellon on its foreclosure claim.[2] (Doc. 10-1 at 33.) On March 12, 2014, the state court took evidence on the amount of interest due. (Doc. 10-1 at 49-50.) On April 23, 2014, the state court entered a Judgment and Decree of Foreclosure by Judicial Sale granting judgment to BNY in the amount of $547,091.13, with a redemption date of October 23, 2014. (Doc. 10-1 at 53.) On September 4, 2014, the Vermont Supreme Court denied Quinn permission to appeal. (Doc. 10-1 at 56.)

On February 20, 2015, the state court issued a certificate of non-redemption. *Id.* In April, the court denied Quinn's motion to stay the foreclosure sale. *Id.* A foreclosure sale was scheduled for May 7, 2015. Quinn filed for bankruptcy and the civil court issued a Notice of Stay during bankruptcy. *Id.* at 57-59. Notwithstanding the filing of his bankruptcy case, which created an automatic stay of the state court proceedings, Quinn filed a Motion for Rule 60(b) relief on May 6, 2015. After the automatic stay was lifted, the state court denied Quinn's Rule 60(b) motion on July 14, 2016. (Doc. 10-1 at 65, 95-96.)

---

[1] The state court litigation spanned over five years and included almost 200 motions. The undersigned Judge Crawford--while serving as a state superior court judge prior to appointment to this court-- decided motions to disqualify the presiding judges. This limited involvement in the state court case presents no issue regarding disqualification in this appeal from the Bankruptcy Court's decisions. *See* 28 U.S.C. § 455 (federal statute governing disqualification).

[2] Quinn alleges "no evidentiary hearings have ever been held in any forum in which BNY[] met any legal standards to foreclose." (Doc. 6 at 7.) As the state court pointed out, however, no evidentiary hearing is needed where summary judgment is granted. (Doc. 10-1 at 48.)

2

### B. Bankruptcy Court Case

Quinn initiated a Chapter 13 bankruptcy case on May 4, 2015, represented by counsel. The Bankruptcy Court held a final confirmation hearing on November 20, 2015, at which Quinn testified he understood the terms of his plan, his obligation to sell his residential real property, and his payment obligations. The court entered an order confirming his Chapter 13 Plan on December 9, 2015. It required monthly payments of $1,200 for twelve months and a lump sum payment of $260,000 from the sale of Quinn's real property by May 1, 2016.

On October 22, 2016, the Chapter 13 Trustee filed a notice of delinquency alleging Quinn was in default of plan payments in the amount of $264,800, equivalent to four monthly payments and the lump sum. On December 12, the Trustee filed a motion to dismiss the case alleging Quinn was in arrears on his plan payments in the amount of $281,019. The Trustee subsequently withdrew that motion for reasons that are unclear from the record.

In January 2017, Quinn's counsel moved to withdraw and the Bankruptcy Court granted the motion. In February 2017, Mr. Quinn, representing himself, requested an extension of time to file additional motions and briefs for the Bankruptcy Court's consideration. The Court, construing the letter as a motion for extension of time, granted 45 days and scheduled a status hearing for March 30, 2017. (Doc. 6-1 at 34.)

On the day of the status hearing, Quinn filed a motion objecting to a proof of claim, seeking a determination of the nature, extent, and validity of a lien, seeking relief from the stay, and/or seeking a modification of his mortgage. At the hearing, Mr. Quinn stated he intended to retain an attorney and would file an amended plan and make plan payments by May 19, 2017. After warning Quinn the case would be dismissed if he did not file an amended plan and

recommence plan payments by May 19, the Bankruptcy Court continued the hearing to May 19. (Doc. 6-1 at 34.)

On April 19, 2017, Quinn filed a motion seeking to dismiss creditors Shellpoint and Bank of New York Mellon from the case for lack of standing and failure to contest his motions. The Bankruptcy Court set a hearing on the motion for May 19. On May 4, Quinn filed a motion for summary judgment and a motion to continue the May 19 hearing based on his failure to retain an attorney. On May 8, Quinn's motion to continue and motion for summary judgment were denied. (Doc. 6-1 at 34-35.)

Quinn then objected to Bank of New York Mellon's notice of appearance in the case, asserting the court should dismiss or deny the notice since the creditor lacked standing. He also renewed his motion to continue the May 19 hearing, renewed his motion for summary judgment, and requested reconsideration of the order denying a continuance of the May 19 hearing. Lastly, he requested that the Bankruptcy Court direct BNY to prove its legitimacy as a creditor. The court set the motions for hearing on May 19, 2017. (Doc. 6-1 at 35.)

On May 19, the motion hearing at which Mr. Quinn represented himself. On that day, he filed additional documents reiterating his requests for the Bankruptcy Court to direct BNY to prove its legitimacy as a creditor. He also requested an additional extension of time to retain counsel and to file a modified plan. The Chapter 13 Trustee reported that the last plan payment Quinn made was in February 2016 and he was "clearly in default of his obligations under the confirmed plan." (Doc. 6-1 at 35.) The Bankruptcy Court issued a written Memorandum of Decision dismissing Quinn's bankruptcy case and denying his pending motions as moot. The court found that there was cause to dismiss the case based on Quinn's:

> failure to make any plan payments for over a year, failure to consummate the sale of real property by May 1, 2016 as required by the confirmed Chapter 13 plan . . .

4

and his failure to comply with this Court's order to retain counsel and file a modified plan by May 19th.

*Id.*

On June 1, 2017, Quinn filed motions to disqualify the bankruptcy judge and for a rehearing. On June 12, the bankruptcy court denied both motions. Quinn filed a notice of interlocutory appeal to which BNY objected and on July 19, the court held a hearing and denied the requested relief.

This timely appeal followed. On appeal, Quinn purports to raise five issues for review. First, whether the Constitution applies in bankruptcy proceedings, in particular, due process and equal protection standards regarding property rights. Second, whether BNY's failure to prove standing to foreclose in state court prevents it from being a valid creditor in bankruptcy. Third, whether the bankruptcy court erred "when it failed to abide by 11 U.S.C. § 105 . . . after [Quinn] provided proof Bank of New York, Mellon . . . never proved standing to foreclose in state superior court." (Doc. 6 at 3.) Fourth, whether BNY rendered the debt "null and void" when it transferred the note and mortgage to a third party while the bankruptcy case was pending. And lastly, whether the "trial court" committed reversible error when it issued rulings and orders after Quinn filed a motion to recuse. *Id.* He also requests oral argument. *Id.* at 2.

## SCOPE OF REVIEW

This court has jurisdiction over this appeal under 28 U.S.C. § 158(a)(1) to hear appeals from final judgments, orders, and decrees of a bankruptcy court. Federal Rule of Bankruptcy Procedure 8013 establishes the standard governing a district court's review of a bankruptcy court's order and states that a district court functions as an appellate court and may affirm, modify, reverse, or remand an order with instructions for further proceedings. Fed. R. Bankr. P. 8013. "Generally, in bankruptcy appeals, the district court reviews the bankruptcy court's

5

factual findings for clear error and its conclusions of law de novo." *In re Charter Commc'ns, Inc.*, 691 F.3d 476, 482-83 (2d Cir. 2012) (citing Fed. R. Bankr. P. 8013). The determination to dismiss is committed to the discretion of the bankruptcy court and reviewed for abuse of discretion. *In re Blaise*, 219 B.R. 946, 949-50 (B.A.P. 2d Cir. 1998); *see also Howard v. Lexington Investments, Inc.*, 284 F.3d 320, 322 (1st Cir. 2002). A bankruptcy court's decision to grant or deny a motion to reopen shall not be disturbed absent an abuse of discretion. *In re Smith*, 645 F.3d 186, 189 (2d Cir. 2011).

The court is mindful of its obligation to afford "special solicitude" to pro se litigants: it is required to read a pro se plaintiff's pleadings liberally and to construe it to raise the strongest arguments it suggests. *Harris v. Miller*, 818 F.3d 49, 56-57 (2d Cir. 2016) (per curiam). While pro se litigants in bankruptcy proceedings "are generally afforded some latitude, they are nonetheless required to learn and comply with procedural rules." *In re Truong*, 388 B.R. 43, 45 (S.D.N.Y. 2008).

## ANALYSIS

Notwithstanding the issues raised by Quinn, to dispose of this appeal, it is sufficient to address the narrow issue of whether the bankruptcy court abused its discretion when it dismissed Quinn's petition for, among other reasons, his failure to comply with the court's orders to file a modified plan by May 19, 2017, and subsequently denied his motions for rehearing and recusal. A bankruptcy court abuses its discretion when the district court finds that no reasonable person could agree with the decision. *In re Integrated Res., Inc.*, 157 B.R. 66, 72 (S.D.N.Y. 1993). Such is not the case here.

Under § 1307(c) of the Bankruptcy Code, a bankruptcy court may dismiss a Chapter 13 case for a variety of reasons. One of the reasons is "material default by the debtor with respect to

a term of a confirmed plan." 11 U.S.C. § 1307(c)(6). Section 1307(c) requires the motion of a party in interest or the United States trustee. § 1307(c). Here, the Trustee had withdrawn her motion to dismiss and the record does not show that BNY moved to dismiss.

Section 1307(c), however, is not the only source of authority for dismissal. Section 105 of the Bankruptcy Code clearly authorizes a bankruptcy court to take any action necessary to carry out the provisions of the code and specifically provides:

> No provision of this title providing for the raising of an issue by a party in interest *shall be construed to preclude the court from, sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105 (emphasis added). Accordingly, § 105 authorizes a bankruptcy court to dismiss a case under § 1307(c). *Howard*, 284 F.3d at 323.

The Bankruptcy Court issued multiple warnings that Quinn's continued failures to file a modified plan and to recommence plan payments would result in dismissal of his case. After Quinn missed his extended deadline for filing a modified plan, the court provided legitimate reasons for dismissing the case including: (1) failure to make any plan payments for over a year; (2) failure to timely consummate the sale of real property as required by the confirmed Chapter 13 plan; and (3) failure to timely comply with the order to retain counsel and file a modified plan.

The record supports the Bankruptcy Court's decision and there is no abuse of discretion in its decision to dismiss Quinn's case *without* prejudice.[3] At the May 19, 2017 hearing, Quinn appeared without counsel and did not submit a modified plan. The Trustee reported he had not made a plan payment since February 2016 and there was no dispute Quinn was in default of his

---

[3] The Supreme Court has explained the "meaning of 'dismissal without prejudice,' . . . is dismissal without barring plaintiff from returning later, to the same court, with the same underlying claim." *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001).

7

payment obligations under the confirmed plan. Section 1307(c) specifically provides for dismissal of a Chapter 13 petition in the event of material default by the debtor with respect to a term of a confirmed plan. § 1307(c)(6). Failure to make plan payments is such a material default. *Bethune v. Reiber*, No. 04-CV-6430, 2006 WL 1007621, at *2 (W.D.N.Y. Apr. 14, 2006) (citing *In re Davis*, 64 B.R. 358, 359 (Bankr. S.D.N.Y. 1986)). Under the circumstances, given that Quinn was in default of his plan obligations and had not complied with the court's orders within the time allotted, it was not an abuse of discretion for the court to dismiss the Chapter 13 petition. *See Howard*, 284 F.3d at 321 (holding debtor's non-compliance with bankruptcy court's order to file state tax returns by a specified date provided an adequate ground for the court to dismiss Chapter 13 petition); *see also In re Brown*, 399 B.R. 162, 165 (Bankr. W.D. Va. 2009) ("A bankruptcy court may dismiss a chapter 13 case *sua sponte* or on the motion of a party in interest pursuant to sections 105(a) and 1307(c) of the Bankruptcy Code.").

The Bankruptcy Court also did not abuse its discretion in denying Quinn's motion to reinstate the Chapter 13 case. The Bankruptcy Court construed Quinn's post-judgment motion as a motion for relief from dismissal. In a thorough Order, the court rejected his argument that his counsel was ineffective, explaining Quinn agreed he understood his obligations as a pro se party and was willing to undertake them. Quinn's argument that the court failed to consider pending objections by BNY and his responses was unavailing because review of those filings was not necessary to determine whether Quinn was fulfilling his responsibilities under the confirmed plan. Because he was not, dismissal was appropriate under Section 105, with consideration of Section 1307(c). Lastly, the court addressed Quinn's contention--raised in this court as well--that BNY committed fraud in the foreclosure action. The argument failed because Quinn voluntarily entered bankruptcy, subjecting his--and BNY's--rights to be governed by the

8

Bankruptcy Code and bound by the terms of the confirmation order, and never contested the issue while represented by counsel prior to the confirmation order. At the final confirmation hearing, Quinn testified he understood the terms of his plan, his obligation to sell his residential real property and to pay the Trustee from the proceeds, and fulfill his monthly payment obligations. The court found his raising of the issue over a year later to be untimely and insufficient to warrant reconsideration or vacatur of the dismissal of his Chapter 13 petition. This court cannot find the Bankruptcy Court's determinations or Order to be an abuse of discretion.

Lastly, the Bankruptcy Court did not abuse its discretion in denying Quinn's motion for recusal. "The decision to grant or deny a recusal motion is a matter left to the discretion of the court." *Livecchi v. Gordon*, 544 B.R. 57, 60 (W.D.N.Y. 2015) (citing *Apple v. Jewish Hosp. & Med. Ctr.*, 829 F.2d 326, 333 (2d Cir. 1987)). Bankruptcy Court Judge Colleen Brown analyzed Quinn's motion under § 455(a)[4], which provides: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Further, a judge must disqualify himself "[w]here he has a personal bias or prejudice concerning a party." *Id.* § 455(b)(1).

Quinn's argument that the Bankruptcy Court committed reversible error when it issued rulings and orders after his motion to recuse was filed is unavailing. (Doc. 6 at 6.) Neither 28 U.S.C. § 144 or § 455, the federal recusal statutes, requires the recusal of a judge from a case at the mere filing of a motion. The content of the recusal motion demonstrates that, in essence,

---

[4] Quinn did not file the affidavit required by § 144 and, even if he had, as a pro se party he could not have submitted the required certificate of counsel of record. *See Williams v. N.Y.C. Hous. Auth.*, 287 F. Supp. 2d 247, 248 (S.D.N.Y. 2003) (holding petitioner's "affidavit which is submitted pro se and without a certificate of counsel of record, fails on this threshold matter").

9

Quinn disagreed with Judge Brown's legal decisions. *See* Doc. 10-1 at 112-13 ("Debtor respectfully requests that she recuse herself . . . . Comments she made from the bench, her dismissal without request for BNY[] and allowing objections from BNY[] months after time had expired, indicate a bias and predisposition Debtor cannot over come." (emphasis omitted)). Disagreement with her decisions is not sufficient to require recusal because "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *LoCascio v. United States,* 473 F.3d 493, 495 (2d Cir. 2007) internal quotation marks and citation omitted). The court cannot find the Bankruptcy Court abused its discretion in denying Quinn's motion to recuse, filed after the dismissal of his bankruptcy petition.

Accordingly, the Bankruptcy Court's orders must be affirmed and Quinn's appeal must be dismissed. Because the bankruptcy court properly dismissed the Chapter 13 proceeding and its orders must be affirmed, Quinn's request for findings, orders and summary judgment in this court (Doc. 22) and BNY's motion to strike that filing (Doc. 23) are moot.

## CONCLUSION

For the reasons set forth above, the court concludes the Bankruptcy Court did not abuse its discretion. The Bankruptcy Court's orders are accordingly affirmed and Quinn's appeal (Doc. 1) is DISMISSED. Quinn's request for findings, orders and summary judgment (Doc. 22) and BNY's motion to strike that filing (Doc. 23) are DENIED AS MOOT.

SO ORDERED.

Dated at Rutland, in the District of Vermont, this 16 day of July, 2018.

Geoffrey W. Crawford, Chief Judge
United States District Court

10